# COMMISSIONER OF SECURITIES & INSURANCE

MONICA J. LINDEEN
COMMISSIONER



OFFICE OF THE MONTANA
STATE AUDITOR

June 2, 2015

<u>CERTIFIED RETURN RECEIPT MAIL</u>

Jim Sewell
Corporation Service Company
P.O. box 1691
Helena, MT 59624-1691

Dear Mr. Sewell:

Attached are a *Summons* and *Complaint and Demand for Jury Trial* in the case of:

    JANSON PALMER, individually, and
    JANSON PALMER d/b/a BLACK GOLD TESTING,

                                                                Plaintiff,

    v.

    NORTHLAND CASUALTY COMPANY and
    JOHN DOES I-V,

                                                                 Defendant,

originating in the District Court of the Seventeenth Judicial District of the State of Montana, in and for the county of Valley.

Service of process was made May 27, 2015, upon the Commissioner of Securities and Insurance, Montana State Auditor, in conformity with the provisions of the Montana Code. Please contact Darla Sautter at (406) 444-2726 with any questions.

Sincerely,

JESSE LASLOVICH
Chief Legal Counsel

JL/ds
Enclosures

cc:    J. Michael Ozier
        Matthew B. Gallinger
        Attorneys for Plaintiff

J. Michael Ozier
Matthew B. Gallinger
TOLLIVER LAW FIRM, P.C.
1004 Division Street
Post Office Box 1913
Billings, MT 59103-1913
Telephone: (406) 256-9600
Facsimile: (406) 256-0781

## MONTANA SEVENTEENTH JUDICIAL DISTRICT COURT, VALLEY COUNTY

| | |
|---|---|
| JANSON PALMER, individually, and JANSON PALMER d/b/a/ BLACK GOLD TESTING, <br><br>Plaintiffs, <br><br>v. <br><br>NORTHLAND CASUALTY COMPANY and JOHN DOES I-V. <br><br>Defendant. | Cause No. DV-2015-22 <br><br>Judge: John C. McKeon <br><br>SUMMONS |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE NAMED DEFENDANT:**

NORTHLAND CASUALTY COMPANY
c/o State Auditor of Montana
Insurance Commissioner, Legal Department
840 Helena Avenue
Helena, MT 59601-3423

**YOU, THE DEFENDANT, ARE HEREBY SUMMONED** to answer the Complaint in this action which is filed in the office of the above named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiffs' attorney within 21 days after the service of this

Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

**GIVEN** under my hand this 20th day of May, 2015, at the hour of 12:45 o'clock, p .m.

Shelley
~~Shelly~~ Bryan
CLERK OF DISTRICT COURT
Montana Seventeenth Judicial District Court

By: /s/ Shelley Bryan
Clerk of District Court

OFFICE CLERK OF DISTRICT COURT
VALLEY COUNTY
FILED

MAY 2 0 2015

SHELLEY BRYAN

J. Michael Ozier
Matthew B. Gallinger
TOLLIVER LAW FIRM, P.C.
1004 Division Street
Post Office Box 1913
Billings, MT 59103-1913
Telephone: (406) 256-9600
Facsimile: (406) 256-0781

## MONTANA SEVENTEENTH JUDICIAL DISTRICT COURT, VALLEY COUNTY

| | |
|---|---|
| JANSON PALMER, individually, and JANSON PALMER d/b/a/ BLACK GOLD TESTING, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHLAND CASUALTY COMPANY and JOHN DOES I-V. <br><br> Defendants. | Cause No. DV-2015-22 <br><br> Judge: John C. McKeon <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiffs Janson Palmer, individually, and Janson Palmer d/b/a/ Black Gold Testing, by and through their counsel of record, Tolliver Law Firm, P.C., and hereby state this cause of action against Defendants as follows:

### PARTIES

1. Janson Palmer is a resident and citizen of the State of Montana.

2. Janson Palmer, d/b/a/ Black Gold Testing, is a citizen of the State of Montana. Black Gold Testing's principal place of business is located in Glasgow, Montana.

3. Upon information and belief, Northland Casualty Company is an Insurance company, organized and existing under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota.

4. The true names and capacities of DOES I-V are unknown to the Plaintiffs, who therefore sue said Defendants under these fictitious names. On information and belief, Defendant DOES I-V, are insurance parent, affiliate, or subsidiary insurance companies that investigated, adjusted, directed or controlled Defendants actions in this matter. Plaintiffs thus believe that Defendant DOES I-V, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators, principals, agents, parent companies, affiliate companies, subsidiary companies or otherwise necessary or indispensable parties to the adjudication of the issues involved in this case. When the true names and capacities of DOES I-V, inclusive, have been ascertained, appropriate amendments of the Complaint will be filed.

## FACTS COMMON TO ALL COUNTS

5. Plaintiffs herein replead each and every allegation contained in this Complaint as if set out in full herein.

6. Plaintiffs own and operate an oil field services company known as Black Gold Testing located at 36 Meadow Court, Glasgow, Montana.

7. On a periodic basis, Plaintiffs contracted with Zachary Scott Buckles (hereinafter "Buckles") to perform manual tank gauging activities to fulfill work obligations Plaintiffs had committed to. Buckles was also a resident of Glasgow, Montana. On or about April 28, 2014, Buckles was overcome with hydrocarbon vapors and died while performing manual tank gauging activities at Continental Resources Inc.'s Columbus Federal 2-16H well site located near Alexander, North Dakota.

8. Plaintiffs contracted and paid valuable consideration for a Commercial General Liability insurance policy from Defendants beginning in January of 2014. At the time of Buckles' death which forms the basis for this claim, Plaintiffs had in full force and effect a commercial general liability policy of insurance with Defendants, Policy Number WS154852, policy period January 8, 2014 through January 8, 2015; with $1,000,000 per occurrence/$2,000,000 general aggregate liability limits. (hereinafter "the Policy" attached hereto as "Exhibit 1").

9. Plaintiff Janson Palmer d/b/a Black Gold Testing is an insured under the terms of the Policy.

10. Plaintiffs were served with a lawsuit styled: *Zachary Scott Buckles, deceased, by and through his personal representative, Nicole R. Buckles, and*

3

*Nicole R. Buckles, personal representative on behalf of the heirs of Zachary Scott Buckles vs. Continental Resources, Inc., B.H. Flow Testing, Black Rock Testing, Janson Palmer d/b/a Black Gold Testing;* Richland County, Montana DV-15-14 (hereinafter Buckles Complaint); (See Buckles Complaint attached as "Exhibit 2").

11. The Buckles Complaint against Plaintiffs alleges, among other claims, that Buckles was employed by Plaintiffs at the time of his death and Plaintiffs breached their duty to ensure Buckles was using adequate and appropriate air monitoring equipment. The Buckles Complaint further alleges Plaintiffs breached their duty to provide training to Buckles regarding overexposure to hydrocarbon vapors while manually gauging crude oil production tanks. The Buckles Complaint also alleges Plaintiffs breached their duty to maintain a safe oil well site and secure work area. The Buckles Complaint further alleges Buckles' heirs have suffered serious and severe emotional distress and loss of consortium as a result of Plaintiffs' acts and omissions.

12. Plaintiffs timely tendered their defense and indemnification for these third-party claims asserted against them and regarding the Buckles Complaint to Defendants, providing Defendants with a copy of the Buckles Complaint.

13. On or about April 7, 2015, Defendants advised Plaintiffs there was "no defense or indemnity obligation on behalf of Black Gold Testing under the

4

Policy for the Lawsuit...." (See April 7, 2015 Northland denial letter attached as "Exhibit 3").

14. In denying the defense to and indemnification of Plaintiffs-- with respect to the third-party claims alleged in the Buckles Complaint--Defendants stated coverage under the Policy was precluded by the "Injury to Employees, Workers or Contracted Persons of Insured or Contracted Organizations exclusion;" the "Described Hazards – Oil/Gas Industries exclusion;" and the "Total Pollution exclusion" in the Policy. (See Exhibit 3).

15. As a result of the wrongful denial of defense, Plaintiffs have been compelled to hire counsel to defend them in the *Buckles' Lawsuit* and have been paying defense costs out of their own pocket.

## COUNT I - DECLARATORY JUDGMENT

16. Plaintiffs herein replead each and every allegation contained in this Complaint as if set out in full herein.

17. Defendants refused to honor their duty to defend Plaintiffs with regard to the claims that have been asserted against them, claiming that the facts giving rise to the third-party claims and the Buckles Complaint were excluded under the Policy.

18. The duty to defend in an insurance contract is broader than the duty to indemnify.

5

19. The Injury to Employees, Workers or Contracted Persons or Insured or Contracted Organizations exclusion relied upon by Defendants to deny the defense and indemnification is not applicable because it is unclear whether Zachary Scott Buckles was performing duties related to the conduct of Black Gold Testing, Black Rock Testing, BH Flow Testing, or Continental Resources Inc., at the time of his death. Additionally, it is unclear whether this exclusion is applicable to Plaintiffs' alleged duty to provide training and proper equipment to Buckles, which duty would have pre-dated any "bodily injury" referred to in the exclusion.

20. The total pollution exclusion relied upon by Defendants to deny the defense and indemnification is not applicable because it does not apply to claims asserted against Plaintiffs for the alleged breach of their duties to properly train Buckles and ensure that he was using the proper monitoring equipment and to maintain a safe oil well site and secure working environment as alleged in the Buckles Complaint.

21. The phrase "arising out of" is ambiguous as used in the Total Pollution exclusion in the Policy and which was relied upon by Defendants to deny a defense and indemnification relating to Plaintiffs alleged breach of duties.

22. The Described Hazards – Oil/Gas Industries exclusion relied upon by Defendants to deny the defense and indemnification is not applicable to claims

6

asserted against Plaintiffs because it does not apply to claims asserted against Plaintiffs for the alleged breach of their duties to properly train Buckles and ensure that he was using the proper monitoring equipment and to maintain a safe oil well site and secure working environment as alleged in the Buckles Complaint.

23. Alternatively, Plaintiffs allege one or more of these exclusions are capable of more than one reasonable interpretation, and, thus, are ambiguous.

24. The Policy exclusions relied upon by Northland to deny a defense and indemnification to Janson Palmer and Janson Palmer d/b/a Black Gold Testing are neither clear nor explicit, and, thus, are unenforceable.

25. Currently there is a dispute between Plaintiffs and Defendants regarding their respective rights, duties, and obligations with regard to the insurance contract attached as Exhibit 1, entitling Plaintiffs to declaratory relief under Mont. Code Ann. 27-8-101, which is Montana's Declaratory Judgment Act. These disputes include the following:

   a. Whether Defendants wrongfully denied a defense to Plaintiffs;

   b. Whether the Defendants, as a matter of law, shall lose all of their coverage defenses for wrongfully denying a defense to Plaintiffs;

   c. Whether Defendants are obligated to indemnify Plaintiffs for all claims asserted against them by third parties for damages asserted in the *Buckles* Lawsuit.

7

d. Whether Plaintiffs are entitled to attorneys' fees, costs, and other appropriate relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

26. Plaintiffs herein replead each and every allegation contained in this Complaint as if set out in full herein.

27. Defendants refused their duty to defend and indemnify, claiming that the facts giving rise to the *Buckles* Lawsuit were excluded under the Policy.

28. Defendants entered into a contract per the Policy, wherein Defendants agreed to make payment pursuant to the Policy in exchange for payment of premiums by their insured.

29. All premiums were paid by Plaintiffs and were paid in a timely manner.

30. A claim was timely submitted to Defendants by Plaintiffs and was refused.

31. Defendants refused to defend or make any payment, pursuant to the claims against Plaintiffs, in violation and in breach of the Policy.

32. Defendants materially breached the insurance contract.

33. By reason of the breach, Defendants are estopped from denying coverage, and are obligated for any liability or judgment, including in amounts in excess of the Policy limits, which may be assessed against its insured.

34. Plaintiffs are entitled to compensatory damages, all in an amount to be proven at trial.

## COUNT III - VIOLATION OF UTPA - §33-18-201, MCA

35. Plaintiffs herein replead each and every allegation contained in this Complaint as if set out in full herein.

36. Defendants wrongfully refused to honor their duties to defend and indemnify their insured, claiming that the facts giving rise to the third-party claims against Plaintiffs were excluded under the Policy.

37. Defendants are insurance companies doing business in the State of Montana.

38. As such, Defendants are subject to the laws of Montana concerning the regulation of the insurance industry, including, but not limited to, §33-18-201(1), MCA, prohibiting insurance carriers from misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

39. Defendants misrepresented and falsely stated that the Policy did not require a defense or indemnification.

40. Defendants misrepresented and falsely stated that there was no coverage under the Policy.

41. Defendants have wrongfully denied a defense and indemnification to their insured with the knowledge of facts, or with intentional disregard of facts,

9

that create a high probability of injury to Plaintiffs, and (a) deliberately proceeded to act in a conscious or intentional disregard to the high probability of injury to Plaintiffs; and/or (b) deliberately proceeded to act with indifference to the high probability of injury to Plaintiffs.

42. As a result thereof, Plaintiffs are entitled to compensatory and punitive damages all in an amount to be proven at trial.

## COUNT IV – COMMON LAW BAD FAITH (COVENANT OF GOOD FAITH)

43. Plaintiffs herein replead every allegation above as if fully set forth and incorporated herein by reference.

44. Defendants have a common law duty to act in good faith and engage in fair dealing with Plaintiffs, and have a duty to further interpret the Policy in favor of providing a defense and indemnification for their insured.

45. Defendants have failed to act in good faith, and have failed to engage in fair dealing with Plaintiffs, and have failed to apply the Policy according to the laws of Montana as it is required to do.

46. By reason of Defendants' conduct, Plaintiffs suffered damages, including costs and attorneys' fees and, by reason of the same, are entitled to compensatory and punitive damages all in an amount to be proven at trial.

## PUNITIVE DAMAGES

47. Plaintiffs herein replead every allegation above as if fully set forth and incorporated herein by reference.

48. In light of Defendants' conduct, punitive damages are appropriate.

49. Defendants are guilty of actual malice in that they had knowledge of facts or intentionally disregarded facts that create a high probability of injury to the Plaintiffs and (a) deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiffs; or (b) deliberately proceeded to act with indifference to the high probability of injury to the Plaintiffs.

50. Upon information and belief, Defendants' conduct was, and continues to be, malicious in nature.

51. Accordingly, Plaintiffs demand punitive damages be paid in an amount to be determined at jury trial

WHEREFORE, the Plaintiffs pray for the following relief:

1. For Declaratory Judgment in favor of Plaintiffs and against Defendants and a judicial determination that Defendants wrongfully denied a defense to Plaintiffs;

2. That Defendants lose all of their coverage defenses, and are required to indemnify Plaintiffs for all third-party claims asserted against them.

2. For judgment in favor of Plaintiffs and against Defendants on all counts.

3. For compensatory and punitive damages.

4. For prejudgment interest.

5. For reasonable attorney's fees.

6. For costs of suit incurred herein.

7. For such other and further relief as this court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of May, 2015.

TOLLIVER LAW FIRM, P.C.

By: /s/ Michael Ozier
J. Michael Ozier
Matthew B. Gallinger
1004 Division Street
Post Office Box 1913
Billings, MT 59103-1913
Telephone: (406) 256-9600
*Attorneys for Plaintiffs*