IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JANSON PALMER, individually, and JANSON PALMER d/b/a BLACK GOLD TESTING,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHLAND CASUALTY COMPANY and JOHN DOES I-V,<br><br>Defendants. | CV 15-58-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

I. **Introduction**

Plaintiffs Janson Palmer and Janson Palmer d/b/a Black Gold Testing (collectively "Palmer") brought this declaratory judgment action in Montana state court against Defendant Northland Casualty Company ("Northland Casualty"). On June 24, 2015, Northland Casualty removed the case invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. *Notice of Removal (ECF No. 1) at 1, 3.*[1]

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation,* § 10.8.3.

Palmer seeks a declaratory judgment that Northland Casualty has a duty to defend and indemnify him against an underlying lawsuit and any resulting judgment, and that Northland Casualty is estopped from asserting coverage defenses. *Cmplt. (ECF No. 5) at 5-8*. Palmer also asserts claims for breach of contract, violations of Montana's Unfair Trade Practices Act, common law bad faith, and punitive damages. *Id. at 8-11*.

Pending are the parties' cross motions for summary judgment. *Northland Casualty's Mtn. for Summary Judgment (ECF No. 16) and Palmer's Cross Mtn. for Partial Summary Judgment (ECF No. 38)*. By Order issued July 23, 2015, Judge Watters referred the matter to the undersigned under 28 U.S.C. § 636(b)(1)(B). *Order (ECF No. 8)*. Having considered the parties' arguments, and for the reasons that follow, the Court recommends that Northland Casualty's motion be granted and that Palmer's motion be denied.

## II. Background Facts[2]

Palmer owns and operates an oil field services company in Glasgow, Montana. In March 2015, Palmer was served with a complaint styled *Zachary Scott Buckles* ["Buckles"], *deceased, by and through his personal representative, Nicole R. Buckles, and Nicole R. Buckles, personal representative on behalf of the heirs of Zachary Scott Buckles v. Continental Resources, Inc., B.H. FlowTest, Black Rock Testing, Janson Palmer d/b/a Black Gold Testing*; Richland County, Montana, Cause No. DV-15-14 ("the underlying Complaint" or "the underlying lawsuit").

The underlying Complaint alleges that: Buckles was employed by Palmer to manually gauge crude oil production tanks. On April 17, 2014, he was dispatched from his Glasgow residence to work on the Columbus Federal 2-16H well site in North Dakota. On April 28, 2014, Buckles was manually gauging crude oil production on the site when he

---

[2]The background facts are from the parties' Statement of Stipulated Facts *(ECF No. 10)*, Northland Casualty's Statement of Undisputed Facts *(ECF No. 18)*, Palmer's Statement of Disputed Facts *(ECF No. 36)*, Palmer's Statement of Undisputed Facts *(ECF No. 40)*, and Northland Casualty's Statement of Disputed Facts *(ECF No. 42)*. The facts are undisputed unless otherwise noted.

was "overcome by exposure to hydrocarbon (petroleum) vapors which, although surviving for an appreciable amount of time, ultimately resulted in his death."

The underlying Complaint names as defendants the following companies allegedly involved in activities on the Columbus Federal 2-16H well site: Continental Resources, Inc., BH FlowTest, Black Rock Testing, and Palmer.

The underlying Complaint further alleges that: (1) Palmer had been contracted by Black Rock Testing, who had been contracted by BH FlowTest, who had been contracted by Continental Resources; (2) each of the defendants, including Palmer, supervised the manual tank gauging of the crude oil production tanks at the Columbus Federal 2-16H well site; and (3) several defendants, including Palmer, breached their duty to maintain a safe oil well site and secure work area "pursuant to contract and in fact," by (a) allowing an inherently dangerous and unsafe well site to be operated which did not have adequate or appropriate air monitoring equipment in place, and (b) by failing to protect Buckles from overexposure to hydrocarbon vapors.

The underlying Complaint characterizes the defendants' actions, including Palmer's, as intentional, deliberate, malicious, and with callous disregard for the high probability of injury to Buckles. The underlying Complaint also: (1) seeks punitive damages against Palmer; (2) alleges that Palmer committed the tort of negligent infliction of emotional distress against Buckles' heirs; and (3) alleges that Buckles' heirs have suffered loss of consortium.

Palmer periodically contracted with Buckles to perform manual tank gauging activities to fulfill Palmer's work obligations. Palmer provided Northland Casualty with a copy of a Montana Independent Contractor Exemption Certificate ("IC Certificate") for Zachary Buckles. The IC Certificate provided that Buckles was an independent contractor for "oil field services."

Palmer was insured by Northland Casualty's Commercial General Liability ("CGL") policy No. WS154852 ("Policy") issued to "Black Gold Testing: Janson Palmer DBA" effective January 8, 2014, through January 8, 2015. Palmer tendered the defense of the underlying lawsuit to Northland Casualty and provided it with a copy of the

underlying Complaint.

The Policy issued to Palmer by Northland Casualty provides standard "occurrence"-based CGL coverage for bodily injury and property damage. The Policy contains, among others, the following three exclusions: (1) an exclusion titled "Bodily Injury to Employees, Workers or Contracted Persons of Insureds or Contracted Organizations" "arising out of and in the course of" employment or the performance of duties related to the conduct of Palmer's business; (2) a "Total Pollution Exclusion" which precludes coverage for bodily injury "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants[ ]'"; and (3) an exclusion for "Described Hazards – Oil/Gas Industries," which states that the Policy does not apply to bodily injury "which would not have occurred in whole or in part but for the actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of pollutants or hazardous substances." *ECF 19-1 at 34, 44, 58.*

After reviewing the underlying Complaint, the Policy, and the IC Certificate, Northland Casualty issued a declination of coverage letter.

Palmer filed the instant action on May 20, 2015.

Northland Casualty is currently providing a defense for the underlying lawsuit under a reservation of rights as of August 3, 2015. Northland Casualty agreed to reimburse Palmer for fees incurred in the underlying defense to date and those incurred in the filing of this action.

## III. Applicable Law

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When parties file cross-motions for summary judgment, as here, the Court must consider each motion on its own merits. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The fact that both parties have moved for summary judgment does not vitiate the Court's responsibility to determine whether disputed issues of material fact are present. *Id.*

### B. <u>Application of Montana Law</u>

As noted, the Court's jurisdiction over this action is based on diversity of citizenship. Thus, the Court must apply the substantive law of Montana, the forum state. *In re County of Orange*, 784 F.3d 520, 523-24 (9th Cir. 2015) ("Under the *Erie* doctrine, federal courts sitting in

diversity apply state substantive law and federal procedural law.") (citation omitted); *see also Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

In actions based on diversity jurisdiction, the federal court "is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). Federal courts "are bound by the pronouncements of the state's highest court on applicable state law." *Appling v. State Farm Mutual Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir. 2003) (citation omitted). But when an issue of state law arises and "the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Medical Laboratory Mgmt. Consultants*, 306 F.3d at 812 (citations omitted). In doing so, the federal court must "look to existing state law without predicting potential changes in that law." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir.

2001) (citation omitted).

### C. Insurance Policy Interpretation Under Montana Law

Insurance policies are contracts. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 300 P.3d 1149, ¶ 21 (Mont. 2013); *see also Stokes v. Golden Triangle, Inc.*, 353 P.3d 500, ¶ 18 (Mont. 2015). And, the "[c]onstruction and interpretation of a contract present questions of law for the court to decide." *Wicklund v. Sundheim*, 367 P.3d 403, ¶ 16 (Mont. 2016) (citations omitted).

Respecting the principal issue at hand, it is now well-settled in Montana that an insurer's "duty to defend arises when a complaint against an insured alleges facts which, if proved, would result in coverage." *Tidyman's Management Services, Inc. v. Davis*, 330 P.3d 1139, ¶ 22 (Mont. 2014) (*citing Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, ¶ 21 (Mont. 2004) ("*Staples*")). The duty to defend is "independent from and broader than the duty to indemnify created by the same insurance contract." *Id.* (quoting *Staples*, ¶ 21).

"Where a complaint alleges facts which represent a risk outside the coverage of the policy but also avers facts which, if proved,

represent a risk covered, the insurer is under a duty to defend." *Id.* (citations omitted).  And, "[u]nless there exists an *unequivocal demonstration* that the claim against an insured does not fall within the insurance policy's coverage, an insurer has a duty to defend." *Wood v. Preferred Contractors Ins Co. Risk Retention Group LLC*, ___ F.Supp.3d___, 2015 WL 6830316, *3 (D. Mont., Nov. 6, 2015) (*quoting Staples*, 90 P.3d at 385) (emphasis added in *Wood*).

"When a court compares allegations of liability advanced in a complaint with policy language to determine whether the insurer's obligation to defend was 'triggered,' a court must liberally construe allegations in a complaint so that all doubts about the meaning of the allegations are resolved in favor of finding that the obligation to defend was activated." *Id*. (*quoting Staples*, 90 P.3d at 385).  Also, "[p]olicy exclusions must be construed narrowly in recognition of the fundamental protective purpose of an insurance policy and the obligation of the insurer to provide a defense.  The insurer must construe factual assertions from the perspective of the insured rather

than from its own perspective." *Tidyman's*, ¶ 23 (*quoting Staples*, ¶ 22).

Ultimately, if an insurer unjustifiably refuses to provide a defense to an insured, "the insurer is estopped from denying coverage and becomes liable for defense costs and judgments." *Id*. (*citing Staples*, ¶ 27). Thus, "where an insurer [unjustifiably] refuses to defend its insured, it does so at its peril." *Id*., ¶ 24 (citation omitted). Because of this result, the supreme court has recommended as follows:

> [W]here an insurer believes it is not required to provide a defense under the policy, the prudent course of action is to defend the insured under a reservation of rights and file a declaratory judgment action to discern coverage.

*Id*. (citations omitted).

## IV. Discussion

The Court has considered all of the parties' arguments. Applying the foregoing authority, the Court concludes that Northland Casualty has no duty to defend Palmer in the underlying lawsuit because the Described Hazards – Oil/Gas Industries exclusion unambiguously precludes coverage. Thus, the Court finds it unnecessary to address the parties' other arguments.

The Described Hazards – Oil/Gas Industries exclusion provides, in relevant part, as follows:

This insurance does not apply to:

\* \* \*

A. Any "bodily injury," "property damage," "personal injury and advertising injury," or medical expense which would not have occurred in whole or part but for the actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of pollutants or hazardous substances.

*ECF No. 19-1 at 44.* The Policy defines pollutants as follows:

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

*Id. at 30, 45.*

As noted, the underlying Complaint alleges that Buckles was injured and ultimately died as a result of exposure to hydrocarbon (petroleum) vapors while manually gauging crude oil production tanks. *ECF No. 19-2 at ¶¶ 16, 19.* The unambiguous Described Hazards – Oil/Gas Industries exclusion unequivocally applies to the fact allegations contained in the underlying Complaint. Thus, the exclusion

-13-

precludes coverage and relieves Northland of any duty to defend Palmer in the underlying lawsuit.

Palmer argues that the Described Hazards – Oil/Gas Industries exclusion does not create an unequivocal demonstration of no coverage because: (1) there is a reasonable question whether this exclusion would apply to the stand-alone claim for negligent infliction of emotional distress and the stand-alone injuries alleged by Buckles' heirs made in the underlying Complaint, *ECF No. 39 at 25-26*; and (2) the Montana Supreme Court has not addressed this exclusion, *id. at 26*. Palmer's brief does not address the Described Hazards exclusion as it applies to the claims made on behalf of the deceased Buckles.

The Court is unpersuaded by Palmer's two arguments. First, the fact that the Montana Supreme Court has not considered the exclusion under this case's facts is not ultimately determinative of whether the exclusion applies, and Palmer has cited no controlling authority that it is. As already noted, the exclusion's clear and unambiguous language is sufficient under Montana law as it cannot reasonably be disputed that the bodily injury suffered by Buckles, and the resulting injury or

damage to the heirs of Buckles, would not have occurred but for the existence of a hazardous substance or pollutant as that term is defined in the Policy.

Second, respecting Palmer's argument that a consumer of insurance could interpret the exclusion to apply to injuries suffered only by Buckles and not injuries suffered by his heirs, the Court disagrees. As noted, the exclusion expressly applies to "[a]ny bodily injury, property damage, personal injury and advertising injury, or medical expense[.]" *ECF No. 19-1 at 44* (internal quotation marks omitted). It is not limited to excluding coverage for injuries sustained by a particular person. And, the exclusion expressly precludes coverage for any injury "which would not have occurred in whole or in part but for" the existence of the hazardous substance or pollutant. *Id*. Here, it cannot reasonably be argued that Buckles' heirs' alleged injuries would have occurred without Buckles' exposure to hydrocarbon vapors.

Having concluded that Northland Casualty has no duty to defend Palmer in the underlying lawsuit because the Described Hazards –

Oil/Gas Industries exclusion unambiguously precludes coverage, the Court finds it unnecessary to address the parties' other arguments.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Northland Casualty's summary judgment motion (*ECF No. 16*) be GRANTED and that Palmer's cross-motion for partial summary judgment *(ECF No. 38)* be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 8th day of June, 2016.

/s/ **Carolyn S. Ostby**
United States Magistrate Judge