IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| JANSON PALMER, individually, and JANSON PALMER d/b/a BLACK GOLD TESTING, | CV 15-58-BLG-SPW |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| NORTHLAND CASUALTY COMPANY and JOHN DOES I-V, | |
| Defendants. | |

Plaintiffs Janson Palmer and Janson Palmer d/b/a Black Gold Testing (collectively "Palmer") brought this declaratory judgment action in Montana state court against Defendant Northland Casualty Company ("Northland Casualty"). On June 24, 2015, Northland Casualty removed the case invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

Palmer seeks a declaratory judgment that Northland Casualty has a duty to defend and indemnify him against an underlying lawsuit and any resulting judgment, and that Northland Casualty is estopped from asserting coverage defenses. (Doc. 5). Palmer also asserts claims for breach of contract, violations of Montana's Unfair Trade Practices act, common law bad faith, and punitive damages. (Doc. 5).

1

The parties submitted cross motions for summary judgment on all claims. (Doc. 16; Doc. 38). On June 8, 2016, Magistrate Judge Carolyn Ostby issued her Findings and Recommendations recommending that this Court grant Northland Casualty's motion and deny Palmer's motion. (Doc. 44). Judge Ostby's Findings and Recommendations concluded Northland Casualty had no duty to defend Palmer. (Doc. 44). Judge Ostby did not reach Palmer's other claims because the duty to defend was a threshold issue upon which Palmer's other claims rested. (Doc. 44). Palmer filed timely Objections to the Findings and Recommendations on June 22, 2016. (Doc. 45).

## I. Statement of facts.

Palmer does not object to the Statement of Facts contained in Judge Ostby's Findings and Recommendations. Judge Ostby's Statement of Facts are therefore adopted in full.

## II. Applicable law.

### A. Standard of review.

A district court reviews de novo any part of a Magistrate Judge's Findings and Recommendations to which there has been proper objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Summary judgment standard.

2

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### C. The duty to defend under Montana law.

The duty to defend is "independent from and broader than the duty to indemnify created by the same insurance contract." *Tidyman's Management Services, Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) (citation omitted). An

3

insurer's duty to defend arises when a complaint against an insured alleges facts which, if proved, would result in coverage. *Tidyman's*, 330 P.3d at 1149.

"Where a complaint alleges facts which represent a risk outside the coverage of the policy but also avers facts which, if proved, represent a risk covered, the insurer is under a duty to defend." *Tidyman's*, 330 P.3d at 1149. "Unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage, an insurer has a duty to defend." *Tidyman's*, 330 P.3d at 1149.

Policy exclusions must be construed narrowly in recognition of the fundamental protective purpose of an insurance policy and the obligation of the insurer to provide a defense. *Tidyman's*, 330 P.3d at 1149.

## III. Discussion.

Palmer makes three objections to Judge Ostby's Findings and Recommendations. First, Palmer argues it is not unequivocally clear the Oil/Gas Exclusion applies to the injuries suffered by the claimant's heirs. Second, Palmer argues it is not unequivocally clear the Oil/Gas Exclusion excluded coverage because the Montana Supreme Court has not yet considered the scope of the exclusion. And third, Palmer argues the Oil/Gas Exclusion is ambiguous as to whether it applies to the injuries alleged in the Complaint, and it therefore must be narrowly construed as applying only to environmental harms.

4

A.  **It is unequivocally clear the Oil/Gas Exclusion excludes the heirs' claims because the heirs' claims would not have occurred "but for" the release of the vapors.**

Palmer argues a reasonable consumer of insurance could interpret the Oil/Gas Exclusion to apply only to the injuries sustained by the deceased, and not to any injury suffered by the deceased's heirs.

The terms in an insurance contract are to be interpreted according to their common sense meaning, viewed from the perspective of a reasonable insurance consumer. *Westchester Surplus Lines Ins. Co. v. Keller Transport, Inc.*, 365 P.3d 465, 470 (Mont. 2016). The Court "may not rewrite contracts, but must enforce them as written if their language is clear and explicit." *American States Ins. Co. v. Flathead Janitorial & Rug Servs., Inc.*, 355 P.3d 735, 738 (Mont. 2015).

The Oil/Gas Exclusion excludes:

> Any "bodily injury," "property damage," "personal injury and advertising injury," or medical expense which would not have occurred in whole or part but for the actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of pollutants or hazardous substances.

(Doc. 19-1 at 44). The Policy defines pollutants as follows:

> "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

5

(Doc. 19-1 at 30, 45). The Complaint states the decedent's death was caused by exposure to hydrocarbon vapors. (Doc. 5-2). The Complaint states the heirs have suffered emotional distress and loss of consortium due to the decedent's death. (Doc. 5-2).

The Oil/Gas Exclusion unequivocally excludes the decedent's claim as alleged because the decedent's death would not have occurred but for the release of pollutants, which includes contaminant vapors. Likewise, the Oil/Gas Exclusion unequivocally excludes the heirs' claims as alleged because the heirs' injuries would not have occurred but for the release of pollutants, i.e., the heirs' injuries would not have occurred but for the decedent's death, which would not have occurred but for the release of pollutants. *See Fisher v. Swift Transp. Co., Inc.*, 181 P.3d 601, 609 (Mont. 2008) (an act is the cause-in-fact of an event if "the event would not have occurred but for that conduct."). Crucially, the Oil/Gas Exclusion does not limit the "but for" causation to injuries sustained by a particular person. Instead, the Oil/Gas Exclusion applies to "any bodily injury."

Palmer contends Northland Casualty did not claim the exclusion applies so broadly in its letter denying a defense. Palmer is correct that Northland Casualty's letter did not articulate precisely how the Oil/Gas Exclusion excluded the claims of both the deceased and his heirs. (Doc. 5-3). However, the letter did state the Oil/Gas Exclusion excluded coverage, explaining "Hydrocarbon (petroleum) vapor

is considered a 'pollutant' as defined by the policy and therefore, coverage for this Lawsuit is precluded." (Doc. 5-3). The letter also reserved all policy defenses. (Doc. 5-3). Under Montana law, that is all that was required to preserve the defense. *See Barnard Pipeline, Inc. v. Travelers Property Cas. Co. of America*, 3 F.Supp.3d 865, 875 (D. Mont 2014) (insurer has obligation to inform insured of all policy defenses it intends to rely upon) (citing *Portal Pipe Line Co. v. Stonewall Ins. Co.*, 845 P.2d 746, 750 (Mont. 1993)). Palmer's objection is overruled.

### B. The Montana Supreme Court's consideration of a specific policy exclusion is not required before an insurer can determine it is unequivocally clear there is no duty to defend.

Palmer argues it is not unequivocally clear the Oil/Gas Exclusion excluded coverage because the Montana Supreme Court has not yet considered the scope of the exclusion. Palmer's objection is expressly contrary to Montana law.

In *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, the Montana Supreme Court agreed with the Alaska Supreme Court that "insurers who accurately interpret their policies and give the insured timely notice of refusal need not provide a defense merely because a court has yet to interpret that particular policy language." 108 P.3d 469, 479 (Mont. 2005) (citing *Makarka v. Great American Ins. Co.*, 14 P.3d 964, 970 (Alaska 2000)). As discussed above, Northland Casualty accurately interpreted its policy. Palmer's objection is overruled.

### C. The Oil/Gas Exclusion is not a pollution exclusion that applies only to environmental harms.

Palmer argues the Oil/Gas Exclusion is ambiguous as to whether it applies to the injuries alleged in the Complaint, and it therefore must be narrowly construed as applying only to environmental harms, citing *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 530 (9th Cir. 1997) (citing *Bauer Ranch v. Mountain W. Farm Bur. Mut. Ins.*, 695 P.2d 1307, 1309 (Mont. 1985)).

In *Enron*, the complaint alleged an oil company wrongfully injected a diluted mix into the crude oil stream of a pipeline, resulting in property damage to a refinery. 132 F.3d at 529. Claiming the diluted mix was a "contaminant," the insurer denied coverage under a pollution exclusion that excluded personal injury or property injury caused by "seepage, pollution or contamination." 132 F.3d at 529. The pollution exclusion also excluded coverage for the cost of "removing, nullifying or cleaning up seeping, polluting or contaminating substances." 132 F.3d at 529. The Ninth Circuit held it was ambiguous whether the exclusion applied to the alleged injury because the pollution exclusion arguably only applied to "environmental-type harms." 132 F.3d at 530.

Here, unlike the pollution exclusion in *Enron*, the Oil/Gas Exclusion unambiguously applies to the facts in the Complaint. Whereas it was questionable whether the oil company's wrongful injection of a diluted mix into the oil pipeline was the kind of "contamination" contemplated by the pollution exclusion in *Enron*,

8

here, it is unequivocally clear that injury caused by the release of hydrocarbon vapors is the kind of "bodily injury" the Oil/Gas Exclusion excludes. Palmer's objection is overruled.

## IV. Conclusion.

It is unequivocally clear the Oil/Gas Exclusion excludes the injuries alleged in the complaint. Therefore, Northland Casualty has no duty to defend Palmer in the underlying suit.

IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Ostby (Doc. 44) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendant Northland Casualty's Motion for Summary Judgment (Doc. 16) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Janson Palmer's Cross Motion for Summary Judgment (Doc. 38) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Janson Palmer's objections to the proposed Findings and Recommendations are OVERRULED. The Clerk of Court shall enter judgment in favor of Northland Casualty and close this case.

DATED this 5th day of October, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge